for Admrx.; Marshall & Harlan Dayton, for Co.

---

## No. 391
## SO. SURETY CO. v. CHAMBERS et al
No. 19656. Supreme Court
On motion to certify. Dock. March 3, 1926; 4 Abs. 176.

**165. BONDS—May a court enlarge a common law bond, given to protect a specified obliger, into a statutory bond which increases the surety's obligation and makes it liable to third persons not privy to the contract of suretyship nor contemplated by its language?**

On June 5, 1922, the Complete Construction Company entered into a contract with the board of education of the city of West Park, for the erection of a school building; and on June 19, 1922 furnished a bond with plaintiff-in-error, Southern Surety Company, as surety. The sole condition of the bond is:

"Now, therefore, the condition of the foregoing obligation is such that if the said principal shall well and truly indemnify and save harmless the said obligee from any pecuniary loss resulting from a breach of any of the terms, covenants and conditions of the said contract on the part of the said principal to be performed, then this obligation shall be void; otherwise to remain in full force and effect in law."

The Construction Co. went forward with the construction of the building until November 7, 1922, when it defaulted on its contract. In January, 1923, the city of West Park was annexed to the city of Cleveland, and the board of education of Cleveland became successor of the board of education of West Park. Thereafter, the Cleveland board of education caused the school building to be completed and formally accepted the building on August 16, 1924.

Defendants-in-error furnished labor and material to the Complete Construction Co. for the erection of the school building. The defendant-in-error, Frank Chambers, filed suit against the Southern Surety Co. in the Cleveland Municipal Court. A demurrer to his petition was sustained and to this ruling Chambers prosecuted error to the Court of Appeals of Cuyahoga County.

The defendant-in-error, The Bradwell Avenue Lumber Company, The Branagan Roofing Company and The Republic Structural Iron Works Company filed separate actions in the Cuyahoga Common Pleas against the Southern Surety Company. The Board of Education of the City of Cleveland also filed in the Cuyahoga County Common Pleas Court an action against the Southern Surety Company to recover the excess amount paid by the Board of Education to complete the school building. These four cases were consolidated for the purpose of hearing in the Cuyahoga County Common Pleas Court. The Surety Company compromised with the Board of Education of the City of Cleveland and that case was marked on the Court docket "Settled and dismissed at Defendant's cost."

At the hearing of the consolidated cases above referred to, the Cuyahoga Common Pleas found for the defendant surety company and rendered judgment for it. The several plaintiffs then prosecuted error to the Court of Appeals. On motion, the Appeals consolidated these cases from the Common Pleas with the Chambers case for the purpose of hearing. On February 23, 1926, the Court of Appeals reversed the judgment of the Common Pleas and of the Municipal Court and rendered judgment in favor of Frank Chambers, the Bradwell Avenue Lumber Co., the Branagan Roofing Co., the Republic Structural Iron Works Co., and against the Surety Company.

The Surety Co., in the Supreme Court, contends:

1. It is a fundamental principle of law that a Court will not make a contract for parties even though the Court is of opinion that a different contract under the circumstances should have been made.

2. A Court cannot "read into" a bond, provisions which greatly extend the scope of the liability and make it an entirely different instrument than the parties deliberately agreed upon.

3. A Court will declare a contract void, if unlawful, but will not attempt to make a new and lawful contract.

Attorneys—Baker, Hostetler & Sidlo, for Surety Co.; Ralph Sanborn, for defts. All of Cleveland.

---

## No. 392
## ALGIRE v. SPARLING, Admr.
No. 19675. Supreme Court
On motion to certify. Dock. March 9, 1926.

**297. CONTRACTS—Where a written contract is entered into between two persons, providing that one shall live with and work for the other during the remainder of her life, and as a part of the compensation therefor receive all the personal property owned by the one who receives the services, at her death, if the contract is fully performed on her part, does the employee become the equitable owner of the property immediately upon the death of the employer?**

B. D. Sparling, as administrator of the estate of Sarah M. Algire, deceased, brought this action in replevin originally in the Hancock Common Pleas against Alta Algire.

It appears that a written contract was entered into between Alta and Sarah Algire wherein Alta agreed to care for Sarah in her old age in consideration of Sarah's promise that Alta should have all her personal property at the time of her death. Just prior to her death Sarah delivered to Alta her personalty to care for during her illness, from which she never recovered.

It is for the possession of this property that the administrator brought this action in replevin.

The trial court directed a verdict for Sparling, which was sustained by the Court of Appeals on the ground that Alta Algire was holding the property for decedent.

Alta Algire in the Supreme Court claims:

1. That the court erred in holding that an equitable defense can not be shown under a general denial in an action for replevin.

2. That it was error to direct a verdict on the opening statement of counsel.

3. That the contract between the parties was not executory after the death of Sarah Algire.

4. That the legal title of the administrator was not superior to the equitable title of Alta Algire.

Attorneys—John E. Betts, Findlay and G. O. Farquharson, Cleveland, for Alta Algire; W. H. Kinder, Findlay, for Sparling.